**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
         Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 49 WELFARE TRUST, <br><br>          Plaintiffs, <br><br>     v. <br><br> XEROX CORPORATION, <br><br>          Defendant. | Civil No. _____ <br><br> **COMPLAINT** (Breach of Collective Bargaining Agreement, Violation of ERISA, Breach of Fiduciary Duty and Conversion) |

Plaintiffs allege:

**I**

**THE PARTIES**

1.     Plaintiffs are the Trustees of the Service Employees International Union Local 49

Welfare Trust ("Fund").

///     ///

Page 1 – **COMPLAINT**

2. The Fund is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. §1002(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). A number of employers pay health contributions to the Fund, and the Fund is a "multiemployer plan" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA. The Trustees of the Fund have discretionary authority to control and manage the Fund and are "fiduciaries" of the Fund as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3. Defendant is a New York corporation authorized to conduct business in Oregon since 1957. At all times material to this lawsuit, Defendant has been an "employer" as that term is defined in 29 U.S.C. §152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. §1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C. §1002(12) of ERISA.

## II

## JURISDICTION

4. The Court has jurisdiction over the First, Second and Fourth Claims for Relief brought by the Trustees of the Fund against Defendant for violation of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

5. During the period August 1, 2011, through August 3, 2017, Defendant was signatory to and/or bound by two collective bargaining agreements with Local 14Z Western States Regional Joint Board that covered certain employees at Defendant's Wilsonville, Oregon facility as follows:

///   ///

///   ///

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

    (a)    Collective Bargaining Agreement covering the period August 1, 2011, through August 4, 2013, that the parties agreed to extend through August 3, 2014 (the "2011 CBA"); and

    (b)    Collective Bargaining Agreement covering the period August 4, 2014, through August 3, 2017 (the "2014 CBA").

The 2011 CBA and 2014 CBA covered employees in an industry affecting commerce, and the activities of Defendant affected commerce. The Court also has jurisdiction over the First, Second and Third Claims for Relief against Defendant pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

6.    The Fund is administered in Portland, Oregon. The Court has venue over this action pursuant to 29 U.S.C. §1132(e)(2) of ERISA.

### III

### JOINDER

7.    The obligations of Defendant to Plaintiffs arise out of the same collective bargaining agreements and subscription agreement. Common questions of law and fact govern the claims that Plaintiffs have against Defendant.

### IV

### COMMON FACTS

8.    Defendant and the Fund entered into a written Subscription Agreement which has remained in full force and effect from January 1, 2012, to date. Under the terms of the Subscription Agreement, Defendant agreed, among other things, to be bound by the terms and conditions of the Trust Agreement for the Fund dated July 1, 1992, and amendments to the Trust Agreement that currently exist, as well as future amendments to the Trust Agreement and

Page 3 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

restatements of the Trust Agreement; pay all health contributions required by the Subscription Agreement by the 20th day of the month following the month in which work was performed by Defendant's employees who qualify for a health contribution to the Fund as detailed in the 2011 CBA and 2014 CBA; and at the end of each calendar year, the Fund will perform an accounting to compare the monthly health contribution paid by Defendant to the Fund to the premium the Fund paid Kaiser Permanente to provide medical and prescription drug coverage to Defendant's employees and, in some cases, their dependents. If the accounting report indicates Defendant underpaid its health contributions to the Fund, Defendant will promptly issue a check to the Fund for the underpaid health contributions.

9. Under the terms of the 2011 CBA, 2014 CBA and a Letter of Understanding dated March 5, 2018, between Defendant and Service Employees International Union Local 49 (the "Union"), Defendant was required to make a health contribution to the Fund for its employees performing work covered by the 2011 CBA and/or 2014 CBA if the employee worked 15 days or 120 hours in a calendar month.

10. At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund, provided that, in the event an employer fails to pay its health contributions by the date established by the collective bargaining agreement or special agreement, the employer is liable for interest on the delinquent or late paid health contributions at the rate of 8% per annum from the due date until paid. At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund provided that, in the event the collective bargaining agreement or special agreement does not specify a date for the payment of health contributions, the Board of Trustees may specify a due date. The Board of Trustees has specified the 20th day of the month following the month in which the work was performed as the due date for payment of health

Page 4 – **COMPLAINT**

contributions if the collective bargaining agreement or special agreement does not specify such a date. The Fund and Defendant, in the Subscription Agreement, agreed that Defendant would pay all health contributions to the Fund by the 20th day of the month following the month in which the work was performed by its employees. Recovery of interest on delinquent or late paid health contributions is also provided for at 29 U.S.C. §1132(g)(2)(B) of ERISA.

  11. At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund, provided that, in the event an employer fails to pay its health contributions by the date specified in the collective bargaining agreement or special agreement, the employer is liable for liquidated damages in the amount of 20% of the delinquent or late paid health contributions or $25.00, whichever amount is greater. At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund further provided that, in the event the collective bargaining agreement or special agreement does not specify a date for payment of health contributions, the Board of Trustees may specify a date. The Board of Trustees has specified the 20th day of the month following the month in which the work was performed as the due date for the payment of health contributions if the collective bargaining agreement or special agreement does not specify such a date. The Fund and Defendant, in the Subscription Agreement, agreed that Defendant would pay all health contributions to the Fund by the 20th day of the month following the month in which the work was performed by its employees. Recovery of liquidated damages on delinquent or late paid health contributions is also provided for at 29 U.S.C. §1132(g)(2)(C) of ERISA.

/// ///

/// ///

/// ///

Page 5 – **COMPLAINT**

12. At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund, provided that, in the event the Trustees of the Fund employ legal counsel to pursue money owed by an employer to the Fund, the employer shall be assessed all reasonable costs incurred in the collection process, including a reasonable attorney's fee. Recovery of a reasonable attorney's fee is also provided for at 29 U.S.C. §1132(g)(2)(D) of ERISA.

13. At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund provided that in the event a payroll examination of an employer's payroll books and records is conducted and the payroll examination discloses that the employer has not paid all required health contributions as required by the collective bargaining agreement, the employer shall be assessed all costs of the payroll examination. Recovery of all costs of the payroll examination is also provided for at 29 U.S.C. §1132(g)(2)(E) of ERISA.

V

**FIRST CLAIM FOR RELIEF**

14. The Trustees of the Fund retained a public accounting firm, Lindquist, LLP, to review Defendant's payroll books and records in order to determine whether Defendant made all contractually required health contributions to the Fund as required by the 2011 CBA, 2014 CBA, the Letter of Understanding and Subscription Agreement for the period December 2012 through December 2016.  Lindquist, LLP issued an amended payroll examination report on August 2, 2017, which found Defendant owes $96,254.63 in health contributions to the Fund, $19,250.95 in liquidated damages, and $18,495.19 in interest calculated through August 24, 2017, with interest continuing to accrue on the delinquent health contributions ($96,254.63) at the rate of 8% per annum from August 25, 2017, until paid.  To date, the Fund has paid Lindquist, LLP $6,185.00 for conducting the payroll examination of Defendant's payroll books and records.

Page 6 – **COMPLAINT**

15. The Trustees of the Fund are entitled to recover from Defendant, based on the terms of the 2011 CBA, 2014 CBA, the Letter of Understanding, Subscription Agreement and Trust Agreement, as amended, that created the Fund, $96,254.63 in health contributions, $19,250.95 in liquidated damages, and $18,495.19 in interest calculated through August 24, 2017, with interest continuing to accrue on the delinquent health contributions ($96,254.63) at the rate of 8% per annum from August 25, 2017, until paid.

16. The Trustees of the Fund are entitled to recover from Defendant reasonable attorney fees based on the terms of the Trust Agreement, as amended, that created the Fund and pursuant to 29 U.S.C. §1132(g)(2)(D) of ERISA.

17. The Trustees of the Fund are entitled to recover the cost of conducting the payroll examination from Defendant based on the terms of the Trust Agreement, as amended, that created the Fund and pursuant to 29 U.S.C. §1132(g)(2)(E) of ERISA.

## VI

## SECOND CLAIM FOR RELIEF

18. The Trustees of the Fund reallege and incorporate by reference paragraphs 1 through 13 of their Complaint as though fully set forth herein.

19. Defendant failed to pay its contractually required health contributions to the Fund by the 20th day of the month following the month in which the work was performed for the months of November 2017 and April 2018. The Trustees of the Fund are entitled to recover from Defendant, based on the terms of the Subscription Agreement and Trust Agreement, as amended, that created the Fund, $215.55 in interest on the late paid health contributions for the months of November 2017 and April 2018.

///    ///

20. The Trustees of the Fund are entitled to recover reasonable attorney fees from Defendant based on the terms of the Trust Agreement, as amended, that created the Fund, and 29 U.S.C. §1132(g)(2)(D) of ERISA.

## VII

## THIRD CLAIM FOR RELIEF

21. The Trustees of the Fund reallege and incorporate by reference Paragraphs 1 through 13, 19 and 20 of their Complaint as though fully set forth herein.

22. Defendant failed to pay its contractually required health contributions to the Fund by the 20th day of the month following the month in which the work was performed for the months of November 2017 and April 2018. The Trustees of the Fund are entitled to recover from Defendant, based on the terms of the Subscription Agreement and Trust Agreement, as amended, that created the Fund, $15,110.46 in liquidated damages on the late paid health contributions for the months of November 2017 and April 2018.

23. The Trustees of the Fund are entitled to recover reasonable attorney fees from Defendant based on the terms of the Trust Agreement, as amended, that created the Fund.

## VIII

## FOURTH CLAIM FOR RELIEF

24. The Trustees of the Fund reallege and incorporate by reference Paragraphs 1 through 13 of their Complaint as though fully set forth herein.

25. Based on the terms of the Subscription Agreement between Defendant and the Fund, the Fund's consultant prepared an accounting report to compare the monthly health contributions (excluding the administrative fee) paid by Defendant to the Fund and the premium the Fund paid Kaiser Permanente for Kaiser Plan B coverage for Defendant's employees and

Page 8 – **COMPLAINT**

their dependents for the period January 2015 through December 2016. The accounting report concluded Defendant paid $8,560.00 in health contributions (excluding the administrative fee) to the Fund less than the Fund paid in premiums to Kaiser Permanente for Kaiser Plan B coverage for Defendant's employees and their dependents for the period January 2015 through December 2016.

26. Based on the terms of the Subscription Agreement between the Fund and Defendant and the Trust Agreement, as amended, that created the Fund, the Trustees of the Fund are entitled to recover from Defendant $8,560.00 in delinquent health contributions, $1,712.00 in liquidated damages, interest on the sum of $8,560.00 at the rate of 8% per annum from January 21, 2017, until paid, and reasonable attorney fees.

WHEREFORE, the Trustees of the Fund pray for a decree and judgment against Defendant as follows:

1. On the **First Claim for Relief**, requiring Defendant to pay the Trustees of the Fund $96,254.63 in health contributions based on the payroll examination of Defendant's payroll books and records for the period December 2012 through December 2016, $19,250.95 in liquidated damages, and $18,495.18 in interest calculated through August 24, 2017, with interest continuing to accrue on the delinquent health contributions ($96,254.63) at the rate of 8% per annum from August 25, 2017, until paid;

2. On the **Second Claim for Relief**, requiring Defendant to pay the Trustees of the Fund interest as a result of the late paid health contributions for the months of November 2017 and April 2018 in the amount of $215.55;

///    ///

///    ///

Page 9 – **COMPLAINT**

3. On the **Third Claim for Relief**, requiring Defendant to pay the Trustees of the Fund liquidated damages as a result of the late paid health contributions for the months of November 2017 and April 2018 in the amount of $15,110.46;

4. On the **Fourth Claim for Relief**, requiring Defendant to pay the Trustees of the Fund $8,560.00 in delinquent health contributions for the period January 2015 through December 2016, $1,712.00 in liquidated damages, and interest on the sum of $8,560.00 at the rate of 8% per annum from January 21, 2017, until paid;

5. Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required health contributions have been paid for a period subsequent to December 31, 2016; and further, in the event the payroll examination reveals that delinquent health contributions are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent health contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

6. Requiring Defendant to pay the Trustees of the Fund the reasonable payroll examination fees the Fund has paid and will pay the accounting firm to conduct the payroll examination of Defendant's payroll books and records for the period December 2012 through December 2016;

7. Requiring Defendant to pay the Trustees of the Fund the reasonable attorney fees incurred in this lawsuit;

///    ///

///    ///

Page 10 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

8.	Requiring Defendant to pay the Trustees of the Fund the costs and disbursements incurred in this lawsuit; and

9.	For such further equitable relief as the Court deems just and proper.

DATED this 29th day of November 2018.

**BROWNSTEIN RASK, LLP**

/s/ Stephen H. Buckley
Stephen H. Buckley, OSB #801786
Attorney for Plaintiffs